(18 Misc. Rep. 576.)

## LANDSBURG v. SANSONE.

(City Court of New York, General Term. November 30, 1896.)

PROMISSORY NOTE—DIVERSION BY TRUSTEE—ENFORCEABLE BY INNOCENT PURCHASER.

Where a note is given to a person to discount, and is by him sold under the representation that it is business paper, the purchaser is entitled to recover from the maker the face of the note, though he paid a less sum for it.

Appeal from trial term.

Action by Elizabeth Landsburg against Francisco Sansone on a promissory note. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before CONLAN, SCHUCHMAN, and O'DWYER, JJ.

P. N. Brown, for appellant.

Lippman & Ruck, for respondent.

CONLAN, J. Appeal from a judgment entered on a verdict of a jury in favor of the plaintiff and against the defendant, and from an order denying a motion for a new trial. The action was brought to recover on a note made by the defendant, dated November 30, 1895, to the order of J. B. Hart & Co., for $891.62, payable four months after date. The evidence shows that this note was delivered to one Berthould, who brought the same to J. B. Hart & Co., the payees named therein, and delivered it to them for the purpose of having the same discounted. It appears that prior to the making of the note in suit the plaintiff was the owner of a note made by Elliott & Cougle for the sum of $650, and that she had given the same to Hart, of J. B. Hart & Co., for the purpose of having the same discounted, and the proceeds turned over to her. Also that at the time of the receipt of the note in suit by Hart he had procured the Elliott & Cougle note to be discounted, and held $650 as the proceeds in his possession. It also appears that shortly after the receipt of the note in suit by Hart one Sellig representing Hart offered same to the plaintiff in lieu of the money ($650) belonging to the plaintiff, and which was then in the possession of Hart; that the plaintiff requested Sellig to get Hart's indorsement on the note, which request led to an interview between Hart and the plaintiff, in which Hart represented the note to be business paper, and given for spirits. The plaintiff thereupon accepted the note in lieu of the money then in the possession of Hart, and to that extent was a bona fide holder for value. No claim is made that the plaintiff had any knowledge of the diversion of the note by Hart. The case was fairly submitted under a careful charge as to the law, and, the jury having disposed of the disputed facts, we think the verdict ought not to be disturbed.

The judgment is therefore affirmed, with costs. All concur.